IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00465-PSF-MEH

CINDY L. HENDERSON,

    Plaintiff,

v.

TARGET STORES
d/b/a TARGET CORPORATION,

    Defendant.

## ORDER OF REMAND

On March 17, 2006 this Court issued an order to show cause (Dkt. # 5) why this case should not be remanded to state court.  Defendant Target filed its response on March 27, 2006 (Dkt. # 6).  The matter is ripe for decision.

This action was removed from El Paso County, Colorado District Court on March 15, 2006 on the basis of diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a) and (b).  The underlying complaint, filed in state court in September 2005, asserts a negligence claim based on the plaintiff tripping over a box in an aisle at a Target store resulting in a broken ankle, face lacerations and wrist pain.  Complaint ¶ 5; Notice of removal (Dkt. # 1) at 1-2.  She seeks recovery for "physical and permanent injuries and impairments, physical pain and suffering, loss of enjoyment of life, loss of earnings, and medical, hospital and doctor bills."  Complaint ¶ 7.

Target claims that it was not until March 1, 2006 that it first learned that the case was removable. That was when it received responses from plaintiff to its requests for admissions denying that the value of this trip-and-fall case did not exceed $75,000. Thus Target asserts that removal is timely although attempted more than 30 days after the case was filed. *See* 28 U.S.C. § 1446(b) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").

However in the civil cover sheet, filed in El Paso County District Court along with the complaint and served on Defendant Target, the box is checked stating the following: "This party [plaintiff] is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs . . . ." When confronted in the Order to Show Cause with this notice that may have started the 30-day clock for removal under 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . ."), Target's response is that such filing cannot be construed as a triggering document contemplated by that provision. Target contends that such filing is not a document subject to state Rule 11 sanctions and "is not jurisdictional in nature." Rather, Target asserts that checking the box on the civil cover sheet is merely an opt-in for regular discovery procedures permitted by the Colorado Rules of Civil Procedure. Whether or not all those assertions are accurate, defendant is incorrect in concluding that the civil

cover sheet is not a "paper" under § 1446(b) from which it could first be ascertained that the amount in controversy exceeded the federal diversity threshold of $75,000, exclusive of interest and costs.

In a Colorado state court civil complaint "[n]o dollar amount shall be stated in the prayer or demand for relief." C.R.Civ.P. 8(a). Plaintiff complied. Because the complaint itself did not permit Target to determine the amount in controversy, the question becomes "at what point did [it] receive 'a copy of an amended pleading, motion, order or other paper from which it [could] be ascertained that the case [was] one which [had] become removable.'" *Huffman v. Saul Holding Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999), quoting § 1446(b). Here, that would either be when the civil cover sheet was served on the defendant on or shortly after September 28, 2005, or on March 1, 2006, when plaintiff informed Target that she denied that her damages were not more than $75,000.

For a number of reasons, it is the former date that started the 30-day removability period. The civil cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed. *See e.g. Huffman*, 194 F.3d at 1078 (holding that a deposition constitutes "other paper" within the meaning of 28 U.S.C. § 1441(b) and that the removal period begins to run from the time when a defendant can "intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."); *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 599 (D.V.I. 2004)(citing cases recognizing "other paper" for § 1446(b) purposes to include settlement demands and other

correspondence claiming damages).  The statute makes no requirement that the "other paper" constitute a pleading under F.R.Civ.P. 7(a) or its state court equivalent, or be a filing which subjects its author to potential sanctions under either federal or state law.  Defendant Target cites no law for the position it takes on these issues.

This is not a situation where plaintiff has engaged in subterfuge in order to avoid removal.  *See Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding post-filing settlement letter demanding more than federal jurisdictional minimum makes case removable "to encourage prompt resort to federal court when a defendant first learns" what is actually being sought and to "discourage[] disingenuous pleading by plaintiffs in state court to avoid removal").  Plaintiff has always been upfront in stating she is seeking more than the federal threshold.  Moreover, the March 1, 2006 responses to the request for admissions provide no more information to Target than it already had when it was served with the civil cover sheet months earlier.  If what Target learned on March 1 was sufficient for it to intelligently ascertain that the amount in controversy exceeded $75,000, then what it knew from the civil cover sheet was no less informative.  Whatever purposes may lurk behind the civil cover sheet filed in Colorado district courts, the one at issue in this case contains an affirmative representation filed along with the complaint that plaintiff is seeking at least one-third more than the removal minimum.  Defendants can rely on such statements in civil cover sheets in determining whether removal is appropriate.

Defendant Target's removal effort is therefore untimely.  The case is hereby REMANDED to the El Paso County, Colorado District Court.

DATED:  March 29, 2006.

                                  BY THE COURT:

                                  *s/ Phillip S. Figa*

                                  _____
                                  Phillip S. Figa
                                  United States District Judge